NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0510n.06
Filed: July 19, 2007

No. 06-1113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN LYNN KAVO, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**Before: MOORE and GILMAN, Circuit Judges; and FORESTER, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge**. John Lynn Kavo, a Native American, pled guilty to sexually assaulting his former girlfriend on an Indian reservation. On remand from a prior appeal, the district court resentenced Kavo to 121 months of imprisonment, the same sentence that he had originally received. He argues in this second appeal that his sentence is both procedurally and substantively unreasonable because the district court gave too much weight to the Sentencing Guidelines and failed to adequately take into account certain mitigating factors. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Kavo pled guilty in August of 2003 to sexually assaulting I.B., a former girlfriend of his, at the Bay Mills Indian Community in Chippewa County, Michigan, in violation of 18 U.S.C. § 2241(a)(1). Because Kavo's arguments address the underlying circumstances of the assault, and because this court has already outlined the factual background in Kavo's first appeal, we reiterate our prior factual recitation here:

> After spending the evening at a local casino with the parents of the victim in this case (identified as "I.B." in the indictment), the defendant was invited to come to their home "for drinks." I.B., described as the defendant's "former girlfriend," was also at the casino with her parents and went to their home as well. At approximately 5:30 a.m., I.B. announced she was leaving the gathering. Kavo convinced her to give him a ride to the residence he shared with his sister, but upon arriving at the home, the defendant attempted to kiss and fondle I.B. against her will. When she began honking the car horn to draw attention to the situation, Kavo forced himself into the driver's seat and backed the vehicle into the driveway.
>
> Although the presentence report claims that Kavo then "forced" I.B. to get out of the car and enter his house, the defendant denied using any physical force and, according to the government, the victim "d[id] not recall how she got into the [defendant's] home." In any event, Kavo's and I.B.'s entrance into the residence awoke the defendant's sister, who was sleeping in the living room. Once the sister returned to her bed, Kavo closed the door to that room and began kissing I.B. I.B., however, "started saying no, she wanted to go home." At that point, the defendant picked up I.B., carried her downstairs to his basement bedroom, and, against I.B.'s wishes, removed the woman's pants and underwear and digitally penetrated the victim's vagina before she was able to escape and report the assault.
>
> Initially, Kavo told the authorities that the digital penetration was consensual. Two weeks later, however, "[h]e admitted he was aware the victim did not want to have sexual contact with him, but advised he did not think she would get as upset as she did, based upon his intoxicated state and their past relationship."

*United States v. Kavo*, 128 F. App'x 447, 449 (6th Cir. 2005).

At Kavo's original pre-*Booker* sentencing hearing, the district court calculated his Guidelines range to be between 121 and 151 months of imprisonment. *Id*. at 449. This range resulted from

Kavo's criminal history category of I and his offense level of 32, which included a four-level enhancement due to his abduction of I.B. *Id.* The court sentenced Kavo to 121 months of imprisonment, the low end of Kavo's then-mandatory Guidelines range. *Id.*

Kavo appealed the application of the four-level abduction enhancement, but this court concluded that the enhancement properly applied. *Id.* at 451-52. In light of the intervening Supreme Court holding in *Booker*, however, which rendered the Sentencing Guidelines advisory, Kavo's case was remanded to the district court for resentencing. *Id.* at 453.

On remand, the district court again sentenced Kavo to 121 months' imprisonment. Kavo then timely filed this second appeal, arguing that his sentence is both procedurally and substantively unreasonable.

## II. ANALYSIS

### A. Standard of review

We review sentences for reasonableness. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). This standard has two components: procedural reasonableness and substantive reasonableness. *Id.* at 808. "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* In addition, a sentence may be "substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails

to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id*. (brackets and quotation marks omitted).

**B.      Procedural reasonableness**

We note at the outset that the district court resentenced Kavo to 121 months' imprisonment, the low end of his sentencing range under the advisory Guidelines. Kavo does not challenge the district court's Guidelines calculation and we find no error in it, so the sentence carries a rebuttable presumption of reasonableness. *See Rita v. United States*, No. 06-5754, 2007 WL 1772146, at *6 (U.S. June 21, 2007) (approving the Fourth Circuit's application of a nonbinding, rebuttable presumption of reasonableness for a within-Guidelines sentence, and noting that "in the mine run of cases, it is probable that the [within-Guidelines] sentence is reasonable"); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) (affording a rebuttable presumption of reasonableness to a within-Guidelines sentence). Kavo attempts to rebut this presumption with three distinct procedural arguments. Specifically, Kavo claims that the district court (1) failed to address his mitigation arguments, (2) failed to consider his request for a variance, and (3) gave unreasonable weight to the Guidelines in determining his sentence.

Regarding Kavo's first argument, the transcript of his second sentencing hearing reveals that several related mitigation arguments were raised before the district court. Kavo argued that his offense did not, in fact, result in serious bodily injury to I.B.; that, because no serious injury resulted, the court should consider a departure for aberrant behavior; that the sexual act he perpetrated involved digital rather than penile penetration; that his criminal history is "fairly limited"; that the victim was abducted only a "short distance"; and that "little force" was used in the offense.

In fact, the district court explicitly acknowledged nearly all of these mitigating factors before sentencing Kavo. The court explained:

> I recognize that Mr. Kavo did not engage in behavior that resulted in lasting serious injuries to the victim. I recognize that his criminal background is all tied up with alcohol abuse. And I recognize that there are other ways to imagine an abduction precedent to a sexual assault occurring that would involve more danger, more likelihood of injury than the way in which this abduction factor present [sic] involved.

After calculating Kavo's proper Guidelines sentence, the district court again emphasized the "lack of serious lasting physical injury" involved in Kavo's offense. Nevertheless, the court ultimately held that 121 months of imprisonment was "sufficient to provide for punishment and deterrence," yet also "fair" and "not disproportionate."

These statements by the district court demonstrate that it explicitly took Kavo's mitigation arguments into account in sentencing him to a prison term at the low end of his Guidelines range. This court has held that "[w]hen a district court adequately explains why it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—why an alternative sentence was not selected—in every instance." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (emphasis omitted).

Kavo next contends that the district court failed to take into account his argument for a departure or variance on the basis of aberrant behavior. Under the Guidelines, a defendant may qualify for an aberrant-behavior departure where he is charged with a single criminal offense that was committed without significant planning, was of limited duration, and represents a marked deviation from an otherwise law-abiding life. U.S.S.G. § 5K2.20. Kavo's counsel properly

conceded at the resentencing hearing, however, that the Guidelines specifically preclude departing

on the basis of aberrant behavior in the case of sexual assaults such as Kavo's. This is because

Kavo's conviction under § 2241(a)(1) is deemed by the Guidelines to have involved "serious bodily

injury," a circumstance under which the departure is unavailable. *See* U.S.S.G. §§ 5K2.20(c)(1) and

1B1.1 cmt. n.1(L). Although the district court did not state for the record that it considered a

variance on the basis of aberrant behavior, it explicitly took into account Kavo's supporting

arguments that his crime involved little planning, that the victim did not sustain serious physical

injuries, and that Kavo's criminal background was not extensive. No procedural error, therefore,

resulted.

Kavo's final procedural argument asserts that the methodology by which the district court

determined his sentence assigned too much weight to the Guidelines. This argument is refuted by

the district court's express acknowledgment that

> the guidelines are advisory as calculated, and that the factors under Title 18, 3553(a)
> one through seven are to be adequately taken into account as well by a sentencing
> court in its discretion in imposing a sentence.

The court went on to explain its post-*Booker* sentencing methodology, which the court described as

calling for it

> to at least begin with consideration of a correctly calculated guideline range; then to
> determine whether there are any reasons under the guidelines themselves to depart
> either upward or downward. . . . And if there are to do it and further to try to
> examine whether there are any reasons to vary . . . from the . . . guidelines range for
> reasons that are contained in 3553 one through seven. And if there are to do it,
> whether it's to vary up or to vary down from the . . . guideline range.

Contrary to Kavo's argument, this court has endorsed a methodology akin to that which the district court employed here—using the Guidelines range as a "starting point" of analysis and then proceeding to take the other § 3553(a) factors into account. *See, e.g., United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006) (approving as reasonable a sentencing procedure in which the district court "started with the Guidelines calculation" and then applied the other § 3553(a) factors). To the extent that Kavo faults the district court for beginning its determination specifically at the middle (rather than the bottom) of his applicable Guidelines range, this created no procedural error because the court plainly took the entire range as well as the other § 3553(a) factors into account.

Other § 3553(a) factors specifically addressed by the district court include Kavo's history of alcohol abuse, the nature and circumstances of his crime, the need to provide Kavo with treatment for his alcohol abuse, and the need to provide adequate but not excessive punishment and deterrence. The district court's methodology thus fulfilled the procedural requirement of correctly calculating Kavo's Guidelines range and then "balanc[ing] that calculation against the other § 3553(a) factors." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). We therefore conclude that Kavo's sentence is procedurally reasonable.

**C.      Substantive reasonableness**

Kavo argues that, due to the same mitigating factors mentioned above, his sentence exceeds that which could be characterized as "sufficient, but not greater than necessary" to fulfill the goals of sentencing. 18 U.S.C. § 3553(a). He cites no caselaw, however, in which this court has ever overturned as substantively unreasonable a procedurally sound sentence imposed at the bottom end of the applicable Guidelines range. Moreover, Kavo's argument that his abduction of and sexual

assault on I.B. was not as bad as it might otherwise have been does not compel a finding of unreasonableness here, particularly where at least part of that fortuity may be credited to I.B.'s timely escape. Kavo's mitigation arguments, in sum, fail to persuade us that his within-Guidelines sentence is substantively unreasonable.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.