**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0364n.06

No. 09-5177

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 11, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| JAMES TANNER, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:    BATCHELDER, Chief Judge; MOORE and COLE, Circuit Judges.

**COLE, Circuit Judge.** Defendant-Appellant James Tanner appeals his 210-month sentence on child-pornography charges as procedurally and substantively unreasonable. Based on the following analysis, we **AFFIRM**.

## I.  BACKGROUND

Law enforcement officials discovered that Tanner had been trading child pornography over the internet and possessed 435 images and 67 videos of child pornography on a computer hard-drive and disks found at his home. On October 8, 2008, Tanner pleaded guilty, without a plea agreement, to one count of distribution of child pornography under 18 U.S.C. § 2252(a)(1), one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). He also did not contest a related forfeiture charge. A U.S. Probation Officer prepared a Presentence Investigation Report ("PSR") that calculated

Tanner's offense level at 37 with a Criminal History Category of I, which corresponded to a range of 210 to 262 months imprisonment under the U.S. Sentencing Guidelines (the "Guidelines"). Because the distribution and receipt charges were subject to a statutory maximum term of twenty years' imprisonment (and the possession charge was subject to a similar ten-year maximum), *see* 18 U.S.C. § 2252(b)(1)-(2), the PSR determined the Guidelines range for Tanner was 210 to 240 months' imprisonment. Neither Tanner nor the Government objected to the Guidelines calculation.[1]

The district court held a sentencing hearing on February 2, 2009. Neither Tanner nor the Government presented any witnesses at the hearing, but Tanner did submit a psychological report prepared on his behalf and a number of letters from supportive family members. The Government recommended a sentence at the low end of the applicable Guidelines range. Tanner raised a number of arguments for a sentence below the Guidelines range. Speaking on his own behalf, Tanner apologized for his actions and stated that he felt the person he had hurt the most was his disabled, twenty-eight year-old daughter.

In response to Tanner's arguments, the district court noted the advisory nature of the Guidelines, and stated that it had considered the sentencing factors listed in 18 U.S.C. § 3553(a). The court then sentenced Tanner at the bottom of the recommended Guidelines range, imposing a term of 210 months imprisonment on the first two counts and 120 months imprisonment on the third

---

[1]On appeal, the Government argues that the range of 210 to 240 months was incorrect because each of the first two counts could have been punished by a twenty-year sentence, to be served consecutively, and the third count could have been punished with an additional ten-year sentence, resulting in a maximum term of fifty years' imprisonment. (Gov't Br. 5.) However, the Government did not raise this argument below, nor does the Government contest Tanner's sentence on appeal, so it is not relevant to the issues before us.

count, to be served concurrently. The court also sentenced Tanner to a life-term of supervised release and assessed Tanner $300 in penalties. At the close of the hearing, the district court asked for any objections, and neither Tanner nor the Government objected.

Tanner now appeals his 210-month sentence as procedurally and substantively unreasonable.

## II. ANALYSIS

### A. Standard of Review

We review the reasonableness of a sentence imposed by a district court for abuse of discretion. *United States v. Rosenbaum*, 585 F.3d 259, 266 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 40-41 (2007)).

> A district court abuses its discretion if it imposes a sentence that is either procedurally or substantively unreasonable. A sentencing court commits procedural error by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. §] 3553(a) factors, selecting a sentence based on clearly erroneous facts, failing to entertain and address all non-frivolous arguments by the defendant in mitigation of his sentence, or failing to explain adequately the chosen sentence.

*Id.* (citation omitted). However, because the district court gave Tanner the opportunity to object to the sentence after it was imposed and he did not object, we review his procedural objections to his sentence for plain error. *Id.* at 266-67. "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected [the] defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). "[A] sentence is substantively unreasonable if it is selected arbitrarily, if it is based on impermissible factors, if it fails to consider a relevant sentencing factor, or if it gives an unreasonable amount of weight to any pertinent factor." *Rosenbaum*, 585 F.3d at

267. Finally, where, as here, the defendant received a sentence within the properly calculated Guidelines range, we apply a presumption of reasonableness to the sentence. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008).

## B. Procedural Reasonableness

In reviewing a sentence for procedural reasonableness, we "focus[] on the factors listed in § 3553(a), one of which is the Sentencing Guidelines themselves." *United States. v. Warman*, 578 F.3d 320, 350 (6th Cir. 2009) (internal quotation marks omitted). Further,

> we must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*Untied States v. Bolds*, 511 F. 3d 568, 581 (6th Cir. 2007). "[W]hile a district court need not engage in a 'ritualistic incantation' of the § 3553(a) factors, its reasoning must be 'sufficiently detailed to reflect the considerations listed in § 3553(a)' and to allow for meaningful appellate review." *United States v. Mayberry*, 540 F.3d 506, 518 (6th Cir. 2008) (quoting *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008)).

Tanner presents several arguments for why his 210-month sentence is procedurally unreasonable. First, he contends that the district court failed to consider properly the arguments he raised in his pre-sentencing memorandum and at the sentencing hearing. Next, he presents a number of arguments based on § 3553(a). He alleges that the district court failed to consider adequately his personal history and characteristics pursuant to § 3553(a)(1), the seriousness of his offense and the

deterrent effect of his sentence under § 3553(a)(2), and whether the sentence avoided unwarranted disparities between sentences imposed upon defendants with similar records found guilty of similar conduct pursuant to § 3553(a)(6). None of these arguments are persuasive.

Tanner's first contention fails because the district court did respond to his sentencing arguments. At the hearing, Tanner argued that a below-Guidelines sentence would provide just punishment because he still likely would receive a lengthy sentence of imprisonment and a life-term of supervised release with significant restrictions. Next, Tanner argued that he presented a low risk of recidivism based on the psychological report he submitted to the district court. Third, he argued that the Guidelines range applicable to Tanner was itself too harsh, even though it was the properly calculated Guidelines range. Finally, he argued that his personal history and characteristics merited a below-Guidelines sentence, noting that his father had abandoned his family when Tanner was five years old, that Tanner had been sexually abused as a child, that he was a decorated combat veteran who suffered from post-traumatic stress disorder related to his military service, that he had struggled with alcohol and substance abuse, and that he suffered from a number of serious medical conditions. Similarly, Tanner's pre-sentencing memorandum focused on his personal history and characteristics, the psychological report's conclusions that he presented a low risk of recidivism, and his contention that the Guidelines ranges for child-pornography offenses were too harsh and not based on sound evidence.

The district court adequately addressed all of these arguments. The court acknowledged that "[c]ertainly the [psychological] report . . . contains some favorable material . . . regarding some risks of recidivism," but questioned the veracity of some of Tanner's statements upon which the report

was based. (District Court Record Entry ("R.E.") 52, at 21.) Specifically, the court noted that the report included statements from Tanner that he was not attracted to children and that he possessed and traded child pornography in an effort to meet women. The court found that these statements were at odds with an online profile Tanner created, introduced by the Government, where he indicated that he had a sexual interest in young children and in actually engaging in sexual acts with them. The court noted that the online profile stated that Tanner was

> looking for 'young girls in [the Kentucky/Indiana] area to chat with and maybe more.' We don't have evidence that he has abused any children physically, but certainly his own self-constructed profile does not rule out that kind of behavior. And that, dovetailing with the [psychological] report . . . gives the court some pause to wonder whether or not, if given the opportunity, that would have been part of the picture . . . . [I]t certainly can't be denied that there was at least some expressed interest in that sort of thing. It's of concern, not only for the children that are portrayed but the risk factors for the future.

(*Id.* at 22.) For the district court, these discrepancies called into question the report's conclusions that he presented a low risk of recidivism. "In this report he seems to say he's not attracted to children and yet his own web page that he wrote himself indicates quite clearly the contrary . . . ." (*Id.* at 24.) The district court determined that Tanner's online profile undermined the psychological report's conclusions about Tanner's risk of recidivism and indicated that Tanner actually may pose a risk not only of committing additional child-pornography offenses, but of committing direct sexual crimes against minors.

Further, the court noted that the risk of recidivism was only one of a number of factors it would consider, including "the seriousness of the offense, just punishment, deterrence, not only to the defendant but to others, [and the need] to protect the public, including children." (*Id.* at 23.).

The court emphasized the seriousness of Tanner's offense, remarking that it was "such a terrible crime," (*id.* at 22), and that while Tanner acknowledged that his actions had victimized his family members, the children depicted in the images he possessed were unacknowledged victims of those crimes.

The court also addressed and rejected Tanner's argument that the applicable Guidelines range was too harsh. The court noted that the Guidelines were advisory but also stated that the recommended range was to be considered in fashioning Tanner's sentence and that it was "rather rigorous . . . for a reason." (*Id.* at 23.) The court noted that the lengthy sentences recommended by the Guidelines for child-pornography crimes was based on the particular vulnerability of the victims. "Those who are victimized by this type of behavior are unable to protect themselves. They're not old enough. And so the law seeks to protect them with rigorous sanction for violations." (*Id.*) The court remarked that it had reviewed some of the images found in Tanner's possession and that "it's clear that these children are being victimized in a terrible way. They will carry that with them for a long time, if not forever, in their own lives." (*Id.*)

Tanner's § 3553(a)-based procedural unreasonableness arguments are similarly unavailing. First, Tanner argues that the court failed to take into account his personal history and characteristics as required by § 3553(a)(1), including his cooperation with law enforcement officials following his arrest, his role in providing care to his mentally disabled daughter, the fact that he had been sexually abused as a child, and his status as a fifty-eight year old military veteran in poor health with a limited criminal record. Tanner argues that the court erred by not making "specific reference" to these characteristics. (Tanner Br. 17.) However, the court was not required to mention all of the personal

characteristics emphasized by Tanner nor discuss them at length, particularly because his sentence fell within the applicable Guidelines range. *See Rita v. United States*, 551 U.S.338, 356-59 (2007). Further, in addition to discussing the nature and circumstances of Tanner's crimes, the court specifically noted Tanner's history of substance abuse and that he suffered from post-traumatic stress disorder. The court also discussed in some detail Tanner's online profile and how it related to his crimes, his potential for recidivism, and the statements he made to the psychologist. In sum, the court's discussion at the sentencing hearing was sufficient to satisfy the requirements of § 3553(a)(1).

Tanner next argues that the district court paid only lip-service to the factors included in § 3553(a)(2), which requires sentencing courts to consider whether the sentence imposed "reflect[s] the seriousness of the offense," "promote[s] respect for the law," "provide[s] just punishment for the offense," "affords adequate deterrence to criminal conduct," "protect[s] the public from further crimes of the defendant," and "provide[s] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). However, as we have noted, the district court specifically discussed the seriousness of Tanner's offenses and how the applicable Guidelines range was calibrated to address the helplessness of children and deter people from such conduct. Therefore, the court adequately addressed the § 3553(a)(2) factors.

Finally, Tanner argues that his sentence is procedurally unreasonable because the district court did not consider how his sentence avoided unwarranted disparities between sentences imposed on defendants with similar records convicted of crimes based on similar conduct, pursuant to §

3553(a)(6). While the court noted that it had "considered . . . the 3553(a) factors" and concluded that "the sentence imposed is sufficient but not greater than necessary to comply with the 3553(a) factors," it did not mention sentencing disparities in particular. (R.E. 52, at 24-25.) However, Tanner's sentence "was not procedurally unreasonable, despite the fact the district court did not explicitly discuss § 3553(a)(6)." *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007). First, a sentencing court does not need to mention specifically each of the § 3553(a) factors it considers. *Id.*; *see also Mayberry*, 540 F.3d at 518 ("A judge is not required . . . to expressly state each of [the § 3553(a)] factors at sentencing, so long as his or her opinion reflects a consideration of these factors."). Second, Tanner did not raise a specific disparity argument in his pre-sentencing memorandum or at the sentencing hearing. "The district judge is only under a more rigorous duty to make explicit its consideration of the factors when a defendant makes a particular argument and when a factor is particularly relevant[.]" *Simmons*, 501 F.3d at 625 (citations omitted). Finally, Tanner has presented no evidence that his sentence is disproportionately long when compared at the national level to defendants with similar records convicted of crimes based on similar conduct. Though a sentencing court has discretion to consider other types of disparities in fashioning a sentence, like disparities between co-defendants, § 3553(a)(6) requires only that it consider disparities on the national level because national uniformity among sentences given to similarly situated defendants is the goal of that subsection. *See United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008) (citing *Simmons*, 501 F.3d at 623-24).

Based upon the foregoing analysis, we conclude that the district court did not commit plain error in conducting Tanner's sentencing hearing and imposing a sentence of imprisonment of 210

months. Therefore, Tanner's sentence is procedurally reasonable.

## C. Substantive Reasonableness

Tanner also claims that his sentence is substantively unreasonable. He argues that his sentence should not be entitled to a presumption of reasonableness and that the district court incorrectly weighed the various § 3553(a) factors. Specifically, he contends that the district court gave too much weight to the Guidelines range and deterrence, and too little weight to Tanner's personal characteristics and avoiding sentencing disparities. We are not persuaded.

Tanner first argues that because the Government recommended a sentence at the low end of the Guidelines range and the district court imposed a sentence at the bottom of that range, the district court's within-Guidelines sentence is not entitled to a presumption of reasonableness. Further, based on the same reasoning, he argues that only a sentence that fell between the statutory minimum of 60 months imprisonment and the 210-month sentence he received should be considered substantively reasonable. These arguments fail. While it is true that we need not treat a within-Guidelines sentence as presumptively reasonable, *Gall v. United States*, 552 U.S. 38, 51 (2007) ("[T]he appellate court may, but is not required to, apply a presumption of reasonableness."), it is permissible to do so and "[i]n this circuit, we have chosen to apply a rebuttable appellate presumption of reasonableness to a sentence that falls within a properly calculated guidelines range," *Walls*, 546 F.3d at 736 (citing *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc)). Moreover, that the Government and the sentencing court agreed that a sentence at the low end of the Guidelines was appropriate in no way militates against applying such a presumption nor does it permit the district court or this Court to shift the applicable Guidelines range. Thus, we apply a

rebuttable presumption of reasonableness to Tanner's sentence.

Tanner has failed to rebut this presumption. Tanner's first § 3553(a) argument is that the district court gave too much weight to the applicable Guidelines range, which the district court was required to consider under § 3553(a)(4). Because the Guidelines are now advisory, once the district court has calculated the appropriate Guidelines range, as it did here, it "throws this ingredient into the section 3553(a) mix," *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), because it is "now just one of the numerous factors that a district court must consider when sentencing a defendant," *id.* at 475. Here, the district court specifically noted that "[c]ertainly the guidelines are advisory." (R.E. 52, at 23.) It also acknowledged that the Guidelines range was just one of many factors to consider in sentencing Tanner, and indeed, it was just one of several factors that the court discussed. *See United States v. Kavo*, 230 F. App'x 554, 558 (6th Cir. 2007) (rejecting argument that the district court gave too much weight to the Guidelines range because it was "refuted" by the court's "express acknowledgment" that the Guidelines are advisory and only one of the § 3553(a) factors it must consider). Further, the court did not simply defer to the Guidelines range as Tanner suggests, it explained why the long prison sentences included in the Guidelines range were appropriate for Tanner's offenses. Based on this, we conclude that the district court did not rely too heavily on the Guidelines range. *See United States v. Duane*, 533 F.3d 441, 453 (6th Cir. 2008) ("Neither the district court's correct observation that it was 'obliged to consider' the recommended Guidelines range nor the fact that it actually sentenced [the defendant] within this range alone suggest that it gave this factor disproportionate weight.").

Tanner next argues that the district court placed too much weight on deterrence and punishment and too little weight on aspects of his personal history and characteristics that he contends justify a shorter sentence. Tanner identifies a number of personal characteristics that the district court could have relied upon to justify a lower sentence: his age, minimal criminal record, poor health, military service, history of being sexually abused as a child, and the remorse he expressed in court. *See United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008) (noting that sentencing courts have a "freer hand" to consider a defendant's age in their sentencing calculus now that the Guidelines are advisory); *United States v. Gray*, 453 F.3d 1323, 1325 (11th Cir. 2006) (holding that a below-Guidelines sentence based on the defendant's age, minimal prior criminal record, and medical condition was not unreasonable). However, it was not an abuse of discretion for the court to impose a within-Guidelines sentence despite the presence of these characteristics. *See Duane*, 533 F.3d at 453 (finding that the district court did not err in not responding to defendant's argument that he was entitled to a below-Guidelines sentence because he was fifty-seven-years old and had zero criminal history points). The district court was not required to mention each of the personal characteristics raised by Tanner, especially since it explicitly considered other factors that fall under § 3553(a)(1), including the specific nature of the images that Tanner possessed and traded, the online profile he constructed, and the inconsistencies between his online profile and the statements he gave to the psychologist. It also was not required to give each of the § 3553(a) factors equal weight. *United States v. Thomas*, 337 F. App'x 505, 510 (6th Cir. 2009). Moreover, "'[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court.'" *Walls*, 546 F.3d at 736 (quoting *Gall*, 552 U.S. at 51).

Finally, Tanner again raises the argument that his sentence does not avoid unwarranted sentencing disparities—this time as a substantive-reasonableness argument. It is similarly unpersuasive. Tanner focuses his argument on several cases where defendants were sentenced in the Western District of Kentucky for child-pornography convictions and had personal characteristics similar to him but were given below-Guidelines sentences by the district court. In *United States v. Beach*, 275 F. App'x 529 (6th Cir. 2008), *United States v. Kirchof*, 505 F.3d 409 (6th Cir. 2007), and *United States v. Cherry*, 487 F.3d 366 (6th Cir. 2007), this Court determined that the below-Guidelines sentences imposed by the district court were substantively reasonable. In contrast, in *United States v. Borho*, 485 F.3d 904 (6th Cir. 2007), another case cited by Tanner, this Court determined that the below-Guidelines sentence imposed by the district court was substantively *unreasonable*. Tanner also notes two similar cases that arose from outside the Western District of Kentucky, *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008), where this Court found the below-Guidelines sentence was reasonable, and *United States v. Fink*, 502 F.3d 585 (6th Cir. 2007), where this Court determined that the below-Guidelines sentence was substantively unreasonable.

This collection of cases demonstrates only that it *may* have been substantively reasonable for the district court to have given Tanner a below-Guidelines sentence. None of the cases support the proposition that the court abused its discretion in giving Tanner a within-Guidelines sentence. Moreover, Tanner misapprehends the focus of § 3553(a)(6), which is designed to avoid national

disparities in sentences.

> Subsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct. It is not concerned with disparities between one individual's sentence and another individual's sentence . . . . Instead § 3553(a)(6) is there to ensure nationally uniform sentences among like offenders so as to leave room to depart downward for those defendants who are truly deserving of leniency.

*Simmons*, 501 F.3d at 623-24 (citations omitted). "A single example is about the weakest sort of proof of national practice that can be imagined. If great weight was given to such singular examples, then the prosecution and defense would be encouraged to find random examples to support a higher or lower sentence." *Id.* at 626 (brackets, internal quotation marks, and citation omitted). While it would have been permissible for the district court to consider sentencing disparities other than at the national level, *United States v. Martin*, No. 08-6246, 2010 WL 1324890, at *4 (6th Cir. April 6, 2010), it was not an abuse of discretion for it not to do so in this case because § 3553(a)(6) does not require it to do so and Tanner did not raise any disparity arguments before the district court. We have recognized that "this court's review of substantive reasonableness starts with the sentencing estimate provided by the Sentencing Commission, not the sentences received by other individual defendants." *United States v. Kirchoff*, 505 F.3d 409, 416 (6th Cir. 2007) (internal quotation marks omitted). As we have said,

> [The defendant's] argument that he is entitled to a below-Guidelines sentence because a defendant with similar characteristics received a downward departure in [another case] . . . is without merit—the fact that a judge in an unrelated case found a specific individual deserving of a downward departure does not mean that the judge in this case plainly erred by sentencing [the defendant] within the Guidelines after considering the nature of his crime and his personal characteristics.

*United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009).

Based upon this analysis, we conclude that the district court did not abuse its discretion in imposing a 210-month sentence of imprisonment on Tanner and that therefore his sentence is not substantively unreasonable.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence.