NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0082n.06

Case No. 17-3623

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 20, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| JAMES CORTELYOU, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COOK, McKEAGUE, and STRANCH, Circuit Judges.

COOK, Circuit Judge. James Cortelyou pleaded guilty to sending a minor sexually explicit pictures that he had taken of her posing with fetish objects. Concluding that Cortelyou's conduct—which included sex with the victim—warranted an upward variance from the Sentencing Guidelines range of 97 to 121 months, the district court sentenced him to 157 months' imprisonment. For the reasons explained here, we AFFIRM.

## I. BACKGROUND

After meeting a 14-year-old Ohio girl through social media, Cortelyou traveled to Ohio and had sex with her. He later emailed the victim pictures that he had taken of her in a hotel room depicting her in various poses, partially naked, with objects including a diaper, a pacifier, and a dog collar. One picture shows multiple red markings across the victim's back that had been inflicted using a flogger.

After a grand jury charged Cortelyou with three counts related to various sex offenses, he pleaded guilty to one count of distributing a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The Presentence Investigation Report concluded that the applicable Guidelines sentence should be the statutory maximum of twenty years.

At the sentencing hearing, the district court agreed to follow the lower offense level calculations in Cortelyou's plea agreement, which resulted in an advisory Guidelines range of 97 to 121 months' imprisonment. Cortelyou, his counsel, the government, and the victim's parents then each addressed the court. The victim's parents testified that following their daughter's experience with Cortelyou she had attempted suicide six times and had to spend 170 days in the hospital for psychiatric care.

After hearing from everyone, the district court determined that the advisory Guidelines range was insufficient and that Cortelyou's actual conduct warranted a sentence of 157 months. Cortelyou's counsel objected that the court had not provided advance notice that it was contemplating an upward variance, and the court agreed to keep the hearing open for two weeks so that Cortelyou and the government could provide supplemental materials for the court to consider. Following the supplemental submissions, the court reaffirmed the 157-month sentence. Cortelyou now appeals that sentence.

## II. DISCUSSION

Cortelyou contends that the upward variance resulted in a substantively unreasonable sentence. We review the substantive reasonableness of a criminal sentence under a deferential

2

abuse-of-discretion standard taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). The factors set out in 18 U.S.C. § 3553(a) govern the substantive reasonableness inquiry. *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

## A.

Cortelyou maintains that the district court relied too heavily on the testimony of the victim's parents without fully considering Cortelyou's arguments. A district court "may place great weight on one factor" if the facts so warrant. *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013). Furthermore, the sentencing judge is not required to explicitly address every mitigating argument that a defendant makes so long as the judge satisfies "the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Madden*, 515 F.3d 601, 611–13 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

The district court explained the basis for Cortelyou's sentence at the hearing and in an order following the parties' supplemental submissions. The court underscored that the nature and circumstances of the offense warranted an upward sentencing variance because Cortelyou's case differed from the typical child pornography case. Unlike cases where someone simply

3

downloads child pornography, Cortelyou actually had sex with his minor victim, resulting in serious harm to her mental and emotional health. Given Cortelyou's actions, the court also determined that public safety concerns necessitated a longer sentence. Additionally, the court discussed other § 3553(a) factors, including affording adequate deterrence, promoting respect for the law, and providing just punishment.

Cortelyou claims that the district court failed to consider his supplemental sentencing materials, such as evidence suggesting that the victim had mental health problems before she met Cortelyou. To the contrary, the district court affirmed that it "carefully reviewed" the supplemental information provided by both parties. Indeed, the court's supplemental order specifically acknowledged the evidence indicating that the victim had told Cortelyou, prior to their encounters, that she had psychological problems. But the court determined that this evidence further justified a higher sentence: "If this was the case, that makes his conduct even worse, as he should have realized that his conduct was likely to exacerbate the condition of an already fragile young girl."

Cortelyou also contends that the district court "inappropriately balanced" the information provided at sentencing and failed to adequately consider his risk of recidivism. But again, a district court need not respond to every argument a defendant raises when discussing the § 3553 factors, especially in cases like this where the court highlighted other aspects of the defendant's conduct. *See United States v. Tanner*, 382 F. App'x 421, 427–28 (6th Cir. 2010) ("The district court was not required to mention each of the personal characteristics raised by [the defendant], especially since it explicitly considered other factors that fall

under § 3553(a)(1) . . . ."). Notably, Cortelyou neither disputes that he had sex with the victim nor contends that the court based its decision on an impermissible factor. Instead, Cortelyou ultimately asks us to balance the § 3553(a) factors differently than the district court. Such a request is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). Because the district court justified its decision to vary upward after considering the relevant sentencing factors, we conclude the court acted within its discretion.

**B**.

Next, Cortelyou asserts that his 157-month sentence resulted in an unwarranted sentencing disparity. He points out that according to statistics from the United States Sentencing Commission the average sentence was 145 months for child pornography cases and 144 months for sexual abuse cases in 2016. U.S. Sentencing Comm'n, *2016 Sourcebook of Federal Sentencing Statistics*, tbl. 13 (21st ed. 2017).

Section 3553(a)(6) requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553. "[N]ational uniformity is generally taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *United States v. Simmons*, 501 F.3d 620, 626 (6th Cir. 2007) (internal quotation marks omitted). And where the district judge "correctly calculated and

carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54.

The district court here carefully calculated and reviewed the Guidelines range based on Cortelyou's plea agreement. That Guidelines range related to the distribution of child pornography, but the court determined that Cortelyou's specific conduct took his case "out of the heartland of child pornography cases, warranting an upward departure." In considering the extent of the deviation, we "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51. After examining Cortelyou's actions in light of the § 3553(a) factors, the court offered a compelling explanation for the upward variance. We determine that the court did not abuse its discretion in sentencing Cortelyou to 157 months. *See United States v. Lanning*, 633 F.3d 469, 476 (6th Cir. 2011) (affirming upward variance because the "district court thoroughly reviewed the § 3553(a) factors and determined that the specific nature of [the defendant's] actions justified its decision to vary upward").

### III. CONCLUSION

We AFFIRM the district court's judgment.