OPINION
THAPAR, District Judge.
Trory Herrod pled guilty to possession with intent to distribute a controlled substance, and the district court sentenced him to a term of 188 months in prison. On appeal, Herrod claims that the sentence was procedurally and substantively unreasonable. Specifically, he argues that the district court should be reversed because it: (1) did not understand that it had discretion to depart downward from the advisory guideline range; (2) did not consider his argument for a lesser sentence; and (3) gave too much weight to the advisory guidelines when considering the sentencing factors under 18 U.S.C. § 3553(a). For the reasons set forth below, we AFFIRM the sentence imposed by the district court.
Background
On December 20, 2006, a federal grand jury indicted Trory Herrod (“defendant”) for possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(l)(B)(iii). The grand jury also indicted the defendant for being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). On March 27, 2007, the defendant pled guilty to the possession with intent to distribute charge. The United States agreed to drop the felon in possession charge.
The presentence investigation report (“PSR”) classified the defendant as a career offender under U.S.S.G. § 4B1.1 because he had two prior felony convictions involving controlled substances. Under § 4B1.1, classification as a career offender carries a mandatory criminal history cate•gory designation of VI and also raises the base offense level to 34 for a conviction under 21 U.S.C. § 841(b)(l)(B)(iii). After accounting for the defendant’s acceptance of responsibility, the defendant finished *182 with a base offense level of 31 and criminal history category of VI resulting in a sentencing range of 188 to 235 months.
On September 10, 2007, the district court held a sentencing hearing and reviewed the advisory guideline range in the PSR. The defendant did not object to the calculation in the PSR. Next, the district court asked counsel for the United States and the defendant “what sentencing considerations pertinent to 3553(a) should affect the sentence.” The United States deferred to the sentencing guideline recommendation in the PSR. With respect to the career offender status, defense counsel asked the district court to consider that the defendant’s prior two convictions concerned “small quantities of cocaine.” Although defense counsel never specifically asked for a departure under U.S.S.G. § 4A1.3 or a variance, defense counsel did ask the district court to “exercise the discretion that the court has” with respect to the career offender status.
After defense counsel rested, the district judge addressed the parties. Noting that the district court is not bound to adhere to the guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district judge stated:
The second thing that Booker talked about was that the Court should pay a special attention to 18 U.S.C. [§ ] 3553(a), which discusses the things that happen during a sentencing. And because the Court did not say which is more important, I take them as both being important, and I give equal weight to both.
After adopting the PSR’s guidelines calculation, the district court considered whether any of the departures provided for in the guidelines applied in the case, stating:
The second step or the next step is whether a departure is warranted under any guideline section which permit nonspecific departures for exceptional circumstances. Those sections include 5K2.0, 4A1.3 and other sections. These kind[s] of adjustments allow for nonspecific departures for exceptional circumstances in certain cases that are generally referred to as Koon departures after the Supreme Court case of the same name.
For the record, I have determined that the circumstances of this case are not so exceptional as to form the factual basis for any such departure.
The district court then considered the factors required by 18 U.S.C. § 3553(a). After reciting these factors, the district judge stated:
[Defense counsel] addressed himself to the convictions of this defendant and the scores that results in, especially the Roman Numeral VI Criminal History. He arrives at that probably the same way I did. He has been arrested 50 times, or more than 50 times, resulting in three felony convictions and 40 misdemeanor convictions. The amazing thing about what I’ve just said is the defendant is 30 years old, and the longest term he has spent in jail is six months.
Further, the district judge stated, “it’s a strange case in that [Herrod] has so many arrests over such a s[h]ort period of time, 30 years or less, and more so than anybody else I’ve seen in this courtroom.” Counsel for the defendant and the United States never addressed any of the comments the district judge made concerning the defendant’s criminal history.
The district court sentenced Herrod to 188 months in prison and acknowledged that the sentence was at the low end of the guidelines range. After informing the defendant of his right to appeal the sentence, *183 the district judge asked, “[ajnything else?” After the United States moved to dismiss the felon in possession charge, defense counsel stated, “[njothing further, your honor.”
Analysis
On appeal, there are two issues: (1) whether the defendant’s sentence is proee-durally reasonable; and (2) whether it is substantively reasonable.
1. Procedural Reasonableness
In considering procedural reasonableness, this court considers whether the district court committed a “significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.” Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).[1] No such eiTor has been committed here.
A. The District Court’s Awareness of its Discretion to Depart
As an initial matter, the district court is bound to calculate the guidelines range but is not bound to follow the guidelines range after Booker. United States v. Bolds, 511 F.3d 568, 579 (6th Cir.2007). The defendant’s main argument as to procedural unreasonableness is that the district court failed to recognize that it had the discretion to depart from the sentencing guideline range. This court reviews de novo whether the district court understood it had discretion to depart. United States v. Smith, 278 F.3d 605, 609 (6th Cir.2002) (citing Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); United States v. Ebolum, 72 F.3d 35, 37 (6th Cir.1995) (citations omitted)); see also United States v. McBride, 434 F.3d 470, 477 (6th Cir.2006). If the district court did in fact understand its discretion to depart, this court does not review its choice not to depart. United States v. Puckett, 422 F.3d 340, 345 (6th Cir.2005) (citing United States v. Stewart, 306 F.3d 295, 329 (6th Cir.2002)).
In this case, the defendant did not challenge his status as a career offender pursuant to U.S.S.G. § 4B1.1. Instead, the defendant stated at the sentencing hearing that the district court should consider the nature of his prior convictions — both were for selling less than $30 worth of cocaine-in departing from the sentencing guideline range. The defendant did not cite a specific section of the sentencing guidelines or specifically ask for a variance in making this argument.
The district judge appeared to understand that the defendant was making an argument under § 4A1.3 of the guidelines. § 4A1.3(b)(1) provides that a district court may depart if “reliable information indicates that the defendant’s criminal history category substantially over-represents the seriousness of the defendant’s criminal history or the likelihood that the defendant will commit other crimes.” Indeed, the district judge specifically stated at the hearing that he considered his discretion to depart and even specifically mentioned his right to depart under § 4A1.3; something he was not required to do. See United States v. Lucas, 357 F.3d 599, 609-10 (6th Cir.2004) (“the district court need not explicitly state that it is aware of its discretionary authority to depart down *184 ward, since there is ‘no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so.’ ” (quoting United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995))). Since the district court understood it had the discretion to depart, our review is complete. See Puckett, 422 F.3d at 345 (citing Stewart, 306 F.3d at 329).
B. The District Court’s Consideration of the Defendant’s Argument Regarding his Prior Convictions
The defendant argued that the district court should discount his career offender status because the two underlying convictions involved a “small” amount of drugs. He claims on appeal that the district court failed to address his argument. He is wrong.
As a preliminary matter, “[wjhere a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.” United States v. Richardson, 437 F.3d 550, 554 (6th Cir.2006). In this case, the district court did just that. In considering whether the defendant was truly a career offender, the district court remarked that the defendant had “more [arrests] than anybody else I’ve seen in this courtroom.” The defendant’s three felony convictions and 40 misdemeanor convictions — all before the defendant turned 30 years old— clearly support the statement made by the district judge. Based on this record, the defendant has truly made a “career” of offending. Moreover, in light of the defendant’s record, the district court’s decision not to vary was entirely reasonable. While district courts should consider the entirety of a person’s life work — be it criminal or otherwise — there is no requirement that a district court always address the criminal history of a defendant on the narrow grounds the defendant requests.
This court’s recent decision in United States v. Gapinski, 561 F.3d 467 (6th Cir.2009), supports the district court’s decision. In Gapinski, the defendant appealed the decision of the district court denying his request for a departure or variance during sentencing on five different grounds, including the failure to depart downward based on the seriousness of his criminal history. Id. at 474. While this court remanded the case on other grounds, it did not remand on Gapinski’s claim based on his criminal history because even though the “the district court did not refer expressly to Gapinski’s arguments on this point, the court was aware that Gapinski had a criminal history category of VI and discussed Gapinski’s prior convictions at length before concluding that Gapinski had shown a ‘longterm pattern, uninterrupted, of criminal conduct.’ ” Id. (citations omitted).
Here, the district court was clearly aware of the defendant’s history, considered it, and decided that it supported the sentence recommended by the guidelines. It did not need to do any more.
2. Substantive Reasonableness
If the procedure used in determining the sentence was reasonable, this court reviews the substantive reasonableness of the sentence under an abuse of discretion standard. Gall, 128 S.Ct. at 597. “A sentence may be considered substantively unreasonable when the district court ‘selects] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.’ ” United States v. Collington, 461 F.3d 805, 808 (6th Cir. *185 2006) (quoting United States v. Webb, 403 F.3d 373, 385 (6th Cir.2005) (modifications in original)). The district court did not commit any of these errors in this case.
The defendant argues that the district court placed too much weight on the sentencing guidelines in consideration of the § 3553 factors. At the hearing the district court stated that it gave “equal weight” to the sentencing guidelines and the other § 3553 factors. More importantly, it considered all of the § 3553(a) factors. “Section 3553(a) requires the district court to ‘consider’ seven factors and it is the district court’s task to balance those factors when imposing a sentence.” United States v. Blackie, 548 F.3d 395, 400 (6th Cir.2008) (emphasis added) (citing United States v. Williams, 436 F.3d 706, 708 (6th Cir.2006)); see also United States v. Arias-Arrazola, 254 Fed.Appx. 500, 503 (6th Cir.2007) (holding that § 3553(a) “says that the factors must all be considered, not that they must be considered with equal weight.”).
After considering and balancing all the factors, the district judge sentenced the defendant to 188 months, which was at the bottom of the recommended guidelines range of 188 to 235 months. Sentences that fall within the guideline range are presumptively reasonable. See Madden, 515 F.3d at 609 (citing United States v. Heriot, 496 F.3d 601, 608 (6th Cir.2007)). The defendant has failed to rebut the presumption. See United States v. Kavo, 230 Fed.Appx. 554, 559 (6th Cir.2007). Thus, the defendant’s sentence is substantively reasonable.
Conclusion
For the foregoing reasons, we AFFIRM.

. Because the district court failed to conduct the post-sentencing inquiry required under United States v. Bostic, 371 F.3d 865, 872 (6th Cir.2004), Herrod’s claims are not subject to plain-error review.