NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0318n.06

Case No. 07-5548

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 25, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RONALD DEATON STATON, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER, Chief Circuit Judge; SUTTON and KETHLEDGE, Circuit
Judges.

**ALICE M. BATCHELDER, Chief Judge.**  Ronald Deaton Staton ("Staton") appeals his
sentence for possession with intent to distribute methadone and oxycodone in violation of 21 U.S.C.
§ 841(a)(1) ("Count One"), and for carrying a firearm during a drug trafficking offense in violation
of 18 U.S.C. § 924(c) ("Count Three").  Specifically, Staton argues that the sentence of 93 months'
imprisonment is unreasonable.  We disagree and AFFIRM.

**I.**

On September 7, 2006, a Grand Jury for the Eastern District of Kentucky returned a three-
count indictment against Staton.  Staton pled guilty to counts one and three, and the government
dismissed the second count, all pursuant to a plea agreement.  The Presentence Investigation Report
("PSR") calculated Staton's guidelines range for Count One at 37–46 months, while Count Three
carried a 60-month mandatory minimum.  Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii) the sentences

were required to be served consecutively.

At his sentencing hearing Staton specifically said that he did not object to the findings in the PSR. The district court then stated that it was adopting both the facts and the guidelines calculations contained in the PSR. Staton did bring to the district court's attention factors he thought relevant to his sentencing under 18 U.S.C. § 3553(a), including his age (61), poor health, previous honorable military service, employment history, family situation, and the fact that the drug amounts fell at the low end of the applicable range. He concluded by asking the district court to consider these factors and impose a sentence at the low end of the guidelines. Importantly, he did not request either a variance or a departure downward. The district court initially sentenced Staton to 36 months' imprisonment for Count One, one month below the bottom of the applicable guideline range, and 60 months of consecutive imprisonment for Count Three, to be followed by five years of supervised release. The court noted the *Booker* decision, and found the sentence "to be sufficient but not greater than necessary to comply with the sentencing purposes" of 18 U.S.C. § 3553(a). The district court also recommended that Staton participate in an intensive drug education and treatment program while incarcerated. At the conclusion of announcing its proposed sentence the district court gave the parties the opportunity to make any legal objections by asking: "Is there any reason sentence should not be imposed as stated . . . ?" Staton answered: "No, your Honor." Upon Staton's request the district court reduced the sentence by three months to give credit for time served in state court on the same charges, bringing his total sentence down to 93 months.

Staton now brings this timely appeal.

## II.

Staton challenges both the procedural and substantive reasonableness of his sentence, claiming that the district court did not adequately consider the § 3553(a) factors and that the sentence is too long. We will analyze each claim in turn. *United States v. Simmons*, 587 F.3d 348, 355 (6th Cir. 2009) ("In ascertaining the standard of review, we must distinguish between Simmon's substantive and procedural objections.").

### A.    Procedural Reasonableness

We generally review under an abuse of discretion standard the reasonableness of sentences imposed by the district court. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). Here, however, we review only for plain error because Staton did not object to his sentence when the district court provided the opportunity under *Bostic*. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Plain error exists where a defendant demonstrates: "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted). We should find error only in exceptional circumstances where "'the error is so plain that the trial judge . . . [was] derelict in countenancing it.'" *Id.* (alterations in original) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

A sentence may be procedurally unreasonable if the district court fails, among other things, to consider the applicable § 3553(a) factors. *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007); *see Gall v. United States*, 552 U.S. 38, 51 (2007). The amount of reasoning a district court judge needs to provide when explaining a sentence varies according to the context. *Rita v. United*

3

*States*, 551 U.S. 338, 357 (2007). We do not require the district court to "engage in a ritualistic incantation of the § 3553(a) factors it considers," *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005), but the explanation should be "sufficiently detailed to reflect the considerations listed in § 3553(a)." *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006). The explanation "need not be lengthy" when the district court independently agrees with the Sentencing Commission's conclusions. *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007). While the judge will "normally" explain at greater length why he has *rejected* defendant's nonfrivolous arguments, *Rita*, 551 U.S. at 357, when, as here, the judge *accepts* those arguments and furthermore gives the defendant a *more* lenient sentence than the defendant requested, there is even less cause to explain the imposed sentence at length.[1]

Here, the district court adopted, without objection, the PSR's factual findings and properly determined the Guideline range. The judge listened to the explanation of Staton's health problems, family situation, lack of significant criminal history, employment history, the characteristics of the instant offense, and Staton's request for a sentence at the low end of the guidelines. The district court went over the charges, and found that the sentence would be "sufficient but not greater than necessary to comply with the sentencing purposes" of 18 U.S.C. § 3553(a). The court then sentenced Staton below the applicable range, giving him a lesser sentence than he asked for, and also noted that Staton should participate in the intensive drug education and treatment program while incarcerated.

---

[1]We recognize the systemic value of more complete explanations from district court judges at sentencing, *see Rita*, 551 U.S. at 357–58; *Vonner*, 516 F.3d at 386–87, but also note that systemic inefficiency is distinct from procedural error. *See Rita*, 551 U.S. at 358 ("[T]he sentencing judge's statement of reasons was brief but legally sufficient."); *Vonner*, 516 F.3d at 387–88 (recognizing that, while "[n]o one would call [the district court's] explanation ideal," "any potential error was not 'plain'").

We find no error, much less a "plain" error, in the district court's abbreviated explanation when it listened to the defendant's § 3553(a) arguments and then gave him a lesser term than he asked for. *See Vonner*, 516 F.3d at 388 (finding no plain error where "[n]othing in the record, or the context of the hearing, suggests that the court did not listen to, consider, and understand every argument [Defendant] made" (citing *Rita*, 551 U.S. at 358) (alterations and quotation marks omitted)).

### B. Substantive Reasonableness

We review under an abuse of discretion standard the reasonableness of sentences imposed by the district court. *Vowell*, 516 F.3d at 509. Sentences imposed within or below the guidelines range are presumptively reasonable upon appeal by the defendant. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (noting that "simple logic compels the conclusion that, if a sentence of 324 to 405 months would have been presumptively reasonable in length, defendant's task in persuading us that the more lenient sentence of 240 months is unreasonably long is even more demanding" (citing *United States v. Bailey*, 264 F. App'x 480, 485 (6th Cir. 2008))).

A sentence is substantively unreasonable if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Smith*, 474 F.3d at 894 (internal quotation marks, omissions, and citations omitted); *Simmons*, 587 F.3d at 365. The sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes" of § 3553(a). *Vowell*, 516 F.3d at 512 (internal quotation marks and citations omitted).

Contrary to Staton's contention, we find no evidence that the district court selected the

sentence arbitrarily, used impermissible factors, disregarded any relevant concerns, or gave unreasonable weight to any particular § 3553(a) factors. As detailed above, the district court was aware of the facts and circumstances, determined the proper Guidelines range, listened to the defendant's explanation and request and gave him a sentence below what he asked for, a sentence which—at least from the defendant's perspective—is presumptively reasonable. Staton has given us no reason to reject that presumption. *See Vonner*, 516 F.3d at 390. We find no abuse of discretion, and therefore find the sentence reasonable.

### III.

Accordingly, we **AFFIRM** the district court's sentence.