**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0138n.06

**No. 08-5669**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JASON HAWKINS, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
**Mar 09, 2011**
LEONARD GREEN, Clerk

Before: GILMAN, and GRIFFIN, Circuit Judges; and COLLIER, Chief District Judge.[*]

**CURTIS L. COLLIER, Chief District Judge**. Defendant-Appellant Jason Hawkins ("Hawkins") appeals the district court's sentencing determination as procedurally and substantively unreasonable on the grounds that the district court failed to address all of the nonfrivolous arguments presented by Hawkins in favor of a larger downward variance from the advisory Guidelines range. The parties have waived oral argument, and we unanimously agree that oral argument is not needed in this case. Fed. R. App. P. 34(a).

For the reasons set forth below, we AFFIRM the district court's judgment.

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

No. 08-5669
*United States v. Jason Hawkins*

## I. Relevant Facts

Hawkins was sentenced in 2008 to a term of imprisonment of 720 months (60 years), with a lifetime period of supervised release after pleading guilty to (1) transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1); (2) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); (3) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2); and (4) persuading a minor to engage in the production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Although the Guidelines range was life imprisonment, the aggregate statutory maximum was determined to be 80 years.

Both Hawkins and the government filed sentencing memoranda to be considered by the district court. In his sentencing memorandum, Hawkins advanced six arguments regarding why the district court should grant a downward variance in his case. Specifically, defense counsel asked the court to consider that:

(a)     Mr. Hawkins [had] 0 criminal history points.

(b)     He [was] 30 years old and [had] never been engaged in any sort of inappropriate sexual conduct other than the conduct alleged in the instant Indictment.

(c)     Mr. Hawkins was himself molested when he was a very young child. He was aware of the act. Such experience has forever changed the direction of his life[,] and he has never received any sort of treatment. Any photographs [of a victim] taken by Mr. Hawkins were taken when the child was asleep and therefore unaware of the activity.

(d)     Mr. Hawkins is aware of the seriousness of his conduct and acknowledges by letter to [the district court] that he deserves to be strongly punished; however, the guidelines range of life far exceeds even the maximum allowed by the statutes. Even when the [district] court looks to the statutory maximum, it is

> still unreasonable taking into account that even a person accused of taking a life may not be sentenced to eighty (80) years in custody.

> (e) . . . after prison, Mr. Hawkins will be a registered sex offender and also subject[ed] to the [Sex Offender Registration and Notification Act's ("SORNA")] possible civil commitment for the remainder of his life.

> (f) Unequal sentences would result if [the district court] sentenced Mr. Hawkins to either life or eighty years.

In asking for a downward variance, Hawkins failed to request a specific sentence. He did, however, cite cases in which individuals he believed were similarly situated received substantially lower sentences.

After reviewing the presentence report ("PSR"), the court heard from the parties and the father of two of Hawkins's victims. At the sentencing hearing, defense counsel argued that the district court should impose a sentence consistent with sentencing determinations made in other child pornography or child molestation cases, but defense counsel did not discuss the other arguments addressed in Hawkins's sentencing memorandum. In turn, the district court granted Hawkins's motion for a downward variance and imposed a sentence twenty years below the statutory maximum.

When pronouncing the sentence, the sentencing judge explained that he was imposing a sentence that he "believe[d] [was] reasonable under the circumstances and given all the other sentencing factors, . . . one of which is to try to be consistent [in sentencing defendants]." He did not want Hawkins "to necessarily get out of prison," but he was not going to give Hawkins the maximum sentence. The district court specifically noted the "egregiousness" of the offense.

However, the district court did not acknowledge whether it considered the sentencing memoranda filed by Hawkins or the government.

Hawkins now appeals the district court's sentencing determination on the grounds of reasonableness.

## II. Standard of Review

### A. Abuse-of-Discretion Standard

A district court's sentencing determination is typically reviewed under an abuse-of-discretion standard for reasonableness. *United States v. Presley*, 547. F.3d 625, 629 (6th Cir. 2008). There are two components to a reasonableness inquiry: procedural reasonableness and substantive reasonableness. *United States v. Robertson*, 309 F. App'x 918, 921 (6th Cir. 2009).

### 1. Procedural Reasonableness

In order to determine whether a district court's sentencing determination was procedurally sound, this Court should ensure that the sentencing court did not "[fail] to calculate (or improperly calculat[e]) the Guidelines range, . . . [fail] to consider the [18 U.S.C.] § 3553(a) factors, . . . or [fail] to adequately explain the chosen sentence . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007) (explaining when evaluating the reasonableness of a sentence, the Court should consider "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination").

At issue here is the district court's explanation of the chosen sentence. Although there is a preference for district judges to address each nonfrivolous argument presented by a defendant, *see United States v. Petrus*, 588 F.3d 347, 353 (6th Cir. 2009), whether the district judge gave an adequate explanation often turns on the "specific factual circumstances" of the case. *United States v. Herrod*, 342 F. App'x 180, 185-86 (6th Cir. 2009). Nevertheless, the relevant question "is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *United States v. Lafarga*, No. 09-5632, 2010 WL 3521949, at *2 (6th Cir. Sept. 2, 2010) (citing *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010)). Indeed, the sentencing judge must "set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Pritchard*, No. 08-4402, 2010 WL 3398471, at *5 (6th Cir. Aug. 24, 2010) (explaining that "the record still must reflect that the district court understood and considered Defendant's nonfrivolous arguments for a lower sentence, even if the explanation is more cursory than extensive").

## 2. Substantive Reasonableness

This Court is required to reach the question of substantive reasonableness only if it finds that Hawkins's sentence was "procedurally sound." *Gall*, 552 U.S. at 51. "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, . . . or gives an unreasonable amount of weight to any pertinent factor." *United States v.*

*Mendez*, 362 F. App'x 484, 486 (6th Cir. 2010) (citing *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009)). However, "the fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). Indeed, this Court should give "considerable discretion" to the district court when determining whether a particular sentence was substantively reasonable. *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008). In addition, this Court should "take into account the totality of the circumstances, including the extent of any variance." *Gall*, 552 U.S. at 51.

**B.     Plain-Error Standard**

The government, however, argues that Hawkins's sentence should be reviewed for plain error, rather than under an abuse-of-discretion standard, because Hawkins failed to object to the sentence imposed by the district court during the sentencing. "At a sentencing hearing, as at every other phase of a criminal proceeding, each party has a duty to object to rulings by a court in order to preserve them for appeal." *Vonner*, 516 F.3d at 385. Indeed, a "defendant 'must object with [a] reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.'" *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980) (quoting *United States v. Fendley*, 522 F.2d 181, 186 (5th Cir. 1975)); *see also United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). If a party fails to make an objection, the party "forfeits the argument and may obtain relief on appeal only if the error is 'plain' and 'affects substantial rights.'" *Vonner*, 516 F.3d at 385; Fed. R. Crim. P. 52(b).

However, Rule 51(b) of the Federal Rules of Criminal Procedure makes clear that a party must have the opportunity to object in order for a failure to object to "later prejudice that party." Specifically, in regards to sentencings, a district court must "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised" before the sentencing hearing is adjourned. *Bostic*, 371 F.3d at 872.

In this case, after pronouncing the sentence of sixty (60) years, the district judge asked Hawkins if he understood the sentence. The judge next discussed the issue of restitution and then instructed the clerk of the court to advise Hawkins of his right to appeal the sentence. Immediately, following the clerk's instructions, the district judge asked the parties, "Anything else?". Hawkins's counsel answered, "No, your honor. Thank you." The hearing then concluded. Despite the government's argument, it is clear that a district court cannot satisfy the procedural rule under *Bostic* this way. *United States v. Clark*, 469 F.3d 568, 571 (6th Cir. 2006) (finding such phrase as "Anything else?" to be ambiguous). At no point did the sentencing judge give the parties an opportunity to object to the sentence explicitly. Therefore, Hawkins should not be subjected to a plain-error review.

## III. Analysis

### A. Procedural Reasonableness

Hawkins primarily argues that the sentence imposed by the district court was procedurally unreasonable because the district court did not address each of the arguments presented by Hawkins in his sentencing memorandum. It is clear from the record that the district court judge "thought

about [Hawkins's] sentence long before [that day]," and he explicitly addressed the more compelling arguments presented by Hawkins, such as the need to avoid sentencing disparities among defendants and the need for public protection. Still, Hawkins contends that the district judge erred because he did not address all of Hawkins's arguments, such as the effects of childhood abuse on Hawkins's conduct, Hawkins's lack of a prior criminal record, and Hawkins's status as a sex offender as a means to protect the public. Indeed, a defendant generally has the right to have the sentencing judge consider all of his arguments for a lower sentence. *Wallace*, 597 F.3d at 805.

Nonetheless, there are exceptions to the general rule that a district court must demonstrate that it considered all of a defendant's arguments. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009). Indeed, a district judge is not required to address "every mitigating factor" a defendant presents if those arguments were "raised only in passing." *See United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). For example, arguments that clearly lack "merit can, and for the sake of judicial economy should, be passed over in silence." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)). Here, two of Hawkins's arguments-that he never engaged in any sort of inappropriate sexual conduct other than the conduct alleged in the indictment, and that he was molested as a child and never received treatment-have no factual bases to support them. If there is no factual basis for an argument, the district court does not have to address it. *United States v. McGee*, 494 F.3d 551, 558 (6th Cir. 2007). Hawkins also argued in his sentencing memorandum that he should be granted a downward variance because he had zero criminal history points. However, this is "not a particularly strong argument"

either.  *See United States v. Duane*, 533 F.3d 441, 453 (6th Cir. 2008).  Hawkins's criminal history category was taken into account in the PSR, which calculated his advisory guidelines range. Although this argument is nonfrivolous, the failure of the district court to address it, does not by itself, constitute an abuse of discretion.  *Id.*

Finally, the district court failed to address Hawkins's argument that he may be subject to SORNA's civil commitment for the remainder of his life.  As with Hawkins's other arguments, the district judge did not articulate his reasons for rejecting this argument.  However, when a defendant presents an issue that is "conceptually straightforward," as it is here, this Court "may assume, even absent express analysis by the judge, that the sentence reflects consideration of the argument." *Simmons*, 587 F.3d at 361-62 (6th Cir. 2009).  The sentencing court made it clear that the most important factor in sentencing Hawkins's was the egregiousness of the offense.  It concluded that the most appropriate type of punishment was imprisonment, rather than some other alternative such as civil commitment.

Given the lack of strong arguments presented by Hawkins and the fact the district judge granted Hawkins's downward variance, it is clear that there was a diminished need to explain at length the reasons for the sentence imposed.  *Petrus*, 588 F.3d at 355; *see also United States v. Staton*, 378 F. App'x 553, 555 (6th Cir. 2010) (explaining where a judge accepts a defendant's arguments and gives the defendant a more lenient sentence than requested, there is less need for explanation).  Although the explanation given by the sentencing court was less than ideal, and

anything less might be grounds for a remand, we find that the sentence imposed was procedurally reasonable.

## B.     Substantive Reasonableness

Although Hawkins focuses almost exclusively on the procedural reasonableness of his sentence for the purpose of appeal, he also challenges the substantive reasonableness of his sentence on the grounds that the district court should have granted a larger variance.  This is an unusual challenge for this Court.  Therefore, "rather than asking whether considerations based upon § 3553(a) are sufficiently compelling to justify the sentence, this [C]ourt must determine whether the considerations based upon § 3553(a) are so compelling as to necessitate a shorter sentence." *United States v. Kirchhof*, 505 F.3d 409, 414-15 (6th Cir. 2007); *Mendez*, 362 F. App'x 484 (finding a 600 month sentence reasonable where it constituted a downward variance from the Guidelines range of life imprisonment).

In other words, Hawkins has to present arguments to show that his case is so "extraordinary" that the district court's downward variance of twenty years is "unreasonably small." *See Kirchhof*, 505 F.3d at 416.  For the reasons stated above, none of the arguments advanced by Hawkins in his sentencing memorandum was particularly strong.  In addition, although it is clear that the district court gave the most weight to the nature of the offense, this Court should not substitute its judgment where the district court concluded "that whatever mitigation [provided by any other factors] was outweighed" by the egregiousness of Hawkins's conduct. *Id.*

## IV. Conclusion

For these reasons, we AFFIRM the district court's judgment.

**RONALD LEE GILMAN, Circuit Judge, dissenting.** Because I agree that Hawkins's 60-year sentence is substantively reasonable, I understand the temptation to find that it is also procedurally reasonable. And I agree with the majority that the district court properly calculated the applicable Guidelines range and discussed the various 18 U.S.C. § 3553(a) sentencing factors. But I respectfully disagree with the majority's conclusion that the district court adequately explained its reasons for the sentence imposed. I therefore believe that Hawkins's sentence is procedurally unreasonable.

The third consideration in reviewing a sentence for procedural reasonableness is whether the district court "adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

At sentencing a "judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "The appropriateness of brevity or length, conciseness or detail . . . depends upon the circumstances." *Id.* But where a party presents nonfrivolous reasons for imposing a particular sentence, a "judge will normally go further and explain why he has rejected those arguments." *Id.* at 357; *see also United States v. Wallace*, 597 F.3d 794, 806–08 (6th Cir. 2010) (remanding the case for resentencing because the record did not reflect whether the district court considered the defendant's primary, nonfrivolous argument for a lesser sentence).

No. 08-5669
*United States v. Jason Hawkins*

As the majority notes, Hawkins presented six arguments in his sentencing memorandum for why the district court should have granted him a downward variance. The district court addressed only one of these arguments—the need to avoid sentencing disparities among defendants. And this factor provided the primary basis, if not the sole basis, for the sentence imposed. But there is nothing in the sentencing transcript to show that the court read, much less considered, Hawkins's sentencing memorandum, which included at least one nonfrivolous argument in support of a downward variance.

"The district judge in this case did not make even a cursory mention" of Hawkins's other arguments for a below-Guidelines sentence. *See Wallace*, 597 F.3d at 804. In fact, the court's entire reasoning for why it imposed a 60-year sentence appears in two and a half pages of the sentencing transcript. The court's utter failure to acknowledge Hawkins's other arguments and at least briefly explain why it was rejecting them constitutes, in my opinion, an abuse of discretion. As a result, I conclude that Hawkins's sentence is procedurally unreasonable. I would therefore vacate his sentence and remand the case for resentencing.