NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1150n.06

No. 10-2692

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 07, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| RICHARD ALAN ZORN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GRIFFIN and KETHLEDGE, Circuit Judges; and THAPAR, District Judge.*

KETHLEDGE, Circuit Judge. This case is before us a second time. Richard Zorn pled guilty to receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At the time of his federal sentencing hearing, Zorn was in state custody for state offenses for which he had not yet been sentenced. Zorn argued during his federal sentencing hearing that his sentence should be reduced for the time he had already spent in state custody. The district court rejected his argument, stating that the court lacked authority to make Zorn's federal sentence run "concurrently with a state sentence that has not been imposed." On appeal, we agreed and affirmed Zorn's sentence. *See United States v. Zorn*, 461 F. App'x. 493, 496 (6th Cir. 2012).

---

*The Honorable Amul Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Soon thereafter, the Supreme Court held that a district court does have discretion to make a federal sentence either concurrent with or consecutive to any sentence yet to be imposed in state-court proceedings. *See Setser v. United States*, 132 S. Ct. 1463, 1468 (2012). Zorn then petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of *Setser*. *See Zorn v. United States*, __ S. Ct. __, 2012 WL 1804685 (Oct. 1, 2012).

Accordingly, we vacate the district court's judgment and remand the case with instructions for the court to exercise its discretion whether Zorn's federal sentence should run consecutive to, or concurrent with, his state-court sentence. The Supreme Court's decision in *Setser* does not affect our analysis with respect to the other issues in Zorn's appeal; and we hereby reinstate our decision with respect to those other issues.