NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0972n.06

No. 13-1288

**FILED**

Nov 13, 2013

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICHARD ZORN,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

                            /

BEFORE:    COLE and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

    **CLAY, Circuit Judge.**  Defendant Richard Zorn appeals his sentence following his plea-based conviction for receipt, possession, and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). The only issue raised on appeal is the procedural reasonableness of Defendant's sentence. For the following reasons, we **AFFIRM** the judgment of the district court.

**BACKGROUND**

    Following the recovery by law enforcement officials of over 2,500 images of child pornography from Defendant's home and computers, Defendant was arrested and charged in state

---

    [*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

court with fourteen offenses involving child pornography.[1] Bond was set at $250,000 and Defendant was held in state custody.

Several weeks later, while Defendant was still in custody awaiting his state trial, a federal grand jury charged him with possession, receipt, and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). Defendant pled guilty to all three federal offenses, and he was transferred into federal custody on August 26, 2010. At the time of the transfer, he had spent eight and a half months in state jail.

At Defendant's December 2010 federal sentencing hearing, which occurred prior to his state sentencing, the district court sentenced him to 151 months' imprisonment. Defendant asked the district judge to subtract eight and a half months[2] from the 151-month sentence to give Defendant "credit" for the time between December 2009 and August 2010 that the Bureau of Prisons would not credit toward his federal sentence.[3] The district judge denied the request, stating, "151 is the correct sentence here. I understand your argument. I respectfully decline." (R. 36, Transcript of December 2010 Sentencing Hearing, Pg ID 299)

---

[1] Two additional counts were added later.

[2] Defendant has alternated between requesting an "eight month" sentencing reduction and requesting credit for the "eight and a half months" that Defendant spent in state custody. For the sake of consistency, we interpret both of these iterations as a request for an eight and a half month sentence reduction.

[3] Controlling law at the time of Defendant's original sentencing hearing did not recognize a federal court's power to declare that a sentence run concurrently with an impending state sentence. After recognizing this limitation, Defendant asked the district court for an adjustment under U.S.S.G. § 5G1.3 in order to "effectively run [the federal sentence] concurrent" to the state sentence. (R. 36, Transcript of December 2010 Sentencing Hearing, Pg ID 299) Essentially, Defendant's request for an adjustment was framed as a permissible alternative to a concurrent sentence.

2

Defendant appealed the district court's decision. After this Court affirmed the conviction and sentence, the Supreme Court vacated the judgment and remanded for further consideration in light of its decision in *Setser v. United States*, 132 S. Ct. 1463 (2012). This Court, in turn, remanded the case to the district court "with instructions for the court to exercise its discretion whether [Defendant]'s federal sentence should run consecutive to, or concurrent with, his state-court sentence."[4] *United States v. Zorn*, 487 F. App'x 289 (6th Cir. 2012).

On remand, Defendant asked the district court for a concurrent sentence and repeated his request for an eight and a half month sentence reduction under U.S.S.G. § 5G1.3(b) to account for the time he spent in state custody before he was transferred into federal custody.[5] The district court ordered Defendant's federal sentence to run concurrent with his state sentence, but denied Defendant's request to subtract eight and a half months from the sentence to adjust for the time he spent in state custody. Defendant filed a timely notice of appeal, arguing his sentence to be procedurally unreasonable because the district court failed to explain its refusal to reduce the sentence by eight and a half months.

---

[4] Pursuant to a plea agreement with the state, Defendant pleaded *nolo contendre* to one count of child sexually abusive activity in exchange for dismissal of fifteen other counts and an agreed sentence of eighteen months to twenty years, to run concurrent with his federal sentence.

[5] The district court set a briefing schedule requiring Defendant to file a sentencing memorandum by a designated date and the government to file a response two weeks later. After each party had submitted its sentencing memorandum, Defendant filed a reply brief without asking the court's permission. In his unauthorized reply brief, Defendant also made a passing reference to U.S.S.G. § 5G1.3(c), but did not develop any argument based upon this section.

## ANALYSIS

We review a district court's sentencing determination for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)).[6]

Defendant argues that his sentence is procedurally unreasonable because the district court failed to explain why it would not reduce his sentence by eight and a half months served in state custody for the same conduct. The government responds by pointing out that the district court's opinion re-sentencing Defendant not only expressly acknowledged this argument, but also explained the underlying law and applied it to the facts of the case.

"[I]f a defendant raises a particular argument in support of a lower sentence, the record must reflect that the district judge both considered the defendant's argument and explained the basis for rejecting it." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation," *Rita v. United States*, 551 U.S. 338, 357 (2007), but "the sentencing court must, *at the very least*, 'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments *and* has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Herrod*, 342 F. App'x 180, 187 (6th Cir. 2009) (Clay, J., concurring) (quoting *Rita,* 551 U.S. at 356).

---

[6] We apply a different standard of review when a defendant fails to object to his sentence after he was given an opportunity to do so. *See United States v. Novales*, 589 F.3d 310, 313–14 (6th Cir. 2009). In the present case, Defendant did not have an opportunity to object to the procedural reasonableness of his sentence because the parties waived a hearing pursuant to E.D.Mich. LR 7.1(f)(2).

In this case, the record makes clear that the sentencing judge listened to each argument. *See Rita*, 551 U.S. at 357. First, the opinion expressly states the district judge's understanding that Defendant was seeking *both* "a federal sentence that proceeds concurrently with his state sentence, *and*[] credit for his time in state jail in pre-sentence detention." *Zorn*, 2013 WL 718505 at *1 (emphasis added). Next, after explaining U.S.S.G. § 5G1.3 in the context of determining whether to run sentences concurrently or consecutively, the district court opinion specifically addresses Defendant's argument that U.S.S.G. § 5G1.3(b) supports his requested sentence reduction. *Id.* at *3. The opinion explains that Defendant's argument fails because

> [s]ection 5G1.3(b) applies only if the conduct punished by the state sentence was 'the basis for an increase in the offense level' for the federal sentence. [Defendant] received his state sentence for the manner in which he manipulated one of his pornographic photos. He received his federal sentence for possessing the 2,594 illegal pornographic photos found on his computer. If [Defendant] had possessed 2,593 illegal pornographic photos, he would have had the same offense level. *See* [*United States v. Brown*, 417 F. App'x 488, 493– 94 (6th Cir. 2011)]. Section 5G3.1(b) is therefore inapplicable.

*Id*.

This is not a case where the district judge ignored or failed to respond to Defendant's argument. *See, e.g., United States v. Wallace*, 597 F.3d 794, 802–08 (finding plain error where "[t]he district judge was completely non-responsive to [the defendant's] argument" and "did not make even a cursory mention of" the argument in the record). In the present case, the district judge acknowledged Defendant's argument for a sentence reduction under U.S.S.G. § 5G1.3(b) and rejected it because the proffered law was inapplicable to the facts of Defendant's case. The opinion also acknowledged that Defendant "raise[d] U.S.S.G § 5G1.3(c), but only in his unauthorized reply

[to the government's response to Defendant's sentencing memorandum],"[7] *Zorn*, 2013 WL 718505

at *3 The district court did not abuse its discretion in declining to entertain an undeveloped

argument raised only in an untimely, unauthorized memorandum to the court.

On this record, we can be satisfied that the court considered the substance of Defendant's

argument that it should adjust his sentence by the eight and a half months he spent in state custody,

and disagreed that an adjustment in Defendant's favor would be appropriate. The district judge was

correct in his conclusion that the adjustment was not mandatory under U.S.S.G. § 5G1.3(b), and

gave an adequate explanation for his decision not to adjust downward.

## CONCLUSION

For the foregoing reasons, we **AFFIRM.**

---

[7] Defendant's first and only mention of U.S.S.G. § 5G1.3(c) to the district court appeared in an unauthorized reply to the government's response to Defendant's sentencing memorandum. In this memorandum, Defendant states, "Even if this Court does not adopt the proposed reading of 5G1.3(b), under 5G1.3(c) the Court retains discretion to credit [Defendant] with the 8 and ½ months he served in state pretrial custody." (*Id.*) On appeal, Defendant points to U.S.S.G. § 5G1.3(c), application note 3(E), which permits a downward departure in the judge's discretion "in an extraordinary case involving an undischarged term of imprisonment under subsection (c)." Defendant did not bring the application note to the attention of the district court, and he did not argue that this is an extraordinary case; he merely reminded the district court that it had the authority to adjust the sentence in its discretion.